IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02273-PAB-NRN

JEFFREY T. MAEHR,

Plaintiff,

v.

UNITED STATES,

Defendant.

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMONS OF GRAND JURY (DKT. #24)**

**N. Reid Neureiter
United State Magistrate Judge**

This matter it is before the Court on Plaintiff Jeffrey T. Maehr's Motion for Summons of Grand Jury (Dkt. #24), which was referred to me by Judge Philip A. Brimmer on January 2, 2019 (Dkt. #25). The Court recommends that Plaintiff's motion be denied.

Plaintiff is proceeding pro se, so the Court will construe the motion liberally. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff requests that the Court summon a grand jury to investigate the Internal Revenue Service ("IRS") for various allegedly criminal activities, including assessing and collecting taxes on income.

Rule 6 of the Federal Rules of Criminal Procedure provides, "When the public interest so requires, the court must order that one or more grand juries be summoned." Fed. R. Crim. P. 6(a)(1). The Court does not find that the public interest requires convening a grand jury to investigate the IRS for collecting income taxes and referring

for prosecution those who do not pay income tax. These are not criminal acts. *See* U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."). Indeed, Plaintiff's arguments are legally frivolous. *See United States v. Springer*, 427 F. App'x 650, 652–53 (10th Cir. 2011) (recognizing tax protestor arguments challenging the tax collecting authority of the IRS as "patently frivolous"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned as frivolous." (citations omitted)).

**WHEREFORE**, it is hereby **RECOMMENDED** that Plaintiff's Motion for Summons of Grand Jury (Dkt. #24) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999);

*Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

                                                          BY THE COURT

Date: January 4, 2019
      Denver, Colorado
                                                          N. Reid Neureiter
                                                          United States Magistrate Judge