IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02273-PAB-NRN

JEFFREY T. MAEHR,

Plaintiff,

v.

UNITED STATES,

Defendant.

---

### REPORT AND RECOMMENDATION ON
### PLAINTIFF'S OPPOSED MOTION FOR PRELIMINARY INJUNCTION (DKT. #45)
### and
### DEFENDANT'S RENEWED MOTION TO DISMISS (DKT. #82)

---

**N. Reid Neureiter**
**United State Magistrate Judge**

This case is before the Court pursuant to Orders (Dkt. #46 & #83) issued by Chief Judge Philip A. Brimmer referring Plaintiff Jeffrey T. Maehr's Opposed Motion for Preliminary Injunction (Dkt. #45) and Defendant United States' Renewed Motion to Dismiss. (Dkt. #82.) The Court has carefully considered the motions, responses (Dkt. #54 & #84), replies (Dkt. #80 & #85), and the United States' sur-reply. (Dkt. #89.) On July 22, 2019, the Court heard argument on the subject motions. (*See* Dkt. #90.) The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and recommends Plaintiff's Opposed Motion for Preliminary Injunction (Dkt. #45) be denied and Defendant's Renewed Motion to Dismiss (Dkt. #82) be granted.

## I. BACKGROUND

### a. Procedural History

Mr. Maehr, proceeding pro se,[1] initiated this lawsuit against the Internal Revenue Service ("IRS") on September 4, 2018. (Dkt. #1.) On September 7, 2018, Magistrate Judge Gordon P. Gallagher identified various pleading deficiencies and ordered Mr. Maehr to file an amended complaint (Dkt. #5), which Mr. Maehr did on December 3, 2018. (Dkt. #8.) The First Amended Complaint was also deemed deficient (Dkt. #10), but Mr. Maehr's Second Amended Complaint (Dkt. #14) was drawn to Chief Judge Brimmer and me. (Dkt. #15.)

On February 28, 2019, Mr. Maehr filed the subject preliminary injunction motion. (Dkt. #45.) On March 11, 2019, the United States moved to dismiss the Second Amended Complaint. (Dkt. #51.) Mr. Maehr was given leave to further amend his complaint (*see* Dkt. #77), and the United States renewed the subject motion (Dkt. #82) to dismiss the Third Amended Complaint ("TAC"). (Dkt. #70.) On May 17, 2019, Mr. Maehr filed, without leave of Court, an "Addendum to Amended Brief" (the "Addendum"). (Dkt. #78.) The United States construed the two filings as a single pleading and as the operative complaint, and addressed both in its motion to dismiss.

---

[1] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

For the sake of completeness and convenience, the Court will do likewise. Each parties'

motion is now ripe for review.

**b. Mr. Maehr's Allegations**

Mr. Maehr has been litigating the validity of his tax liability for many years, and

before many different courts. (*See* Dkt. #82 at 1 n.1 (collecting cases).) In this lawsuit,

Mr. Maehr challenges the IRS's tax assessment for the 2003–06 tax years. He alleges

that the assessment "is erroneous due to [the IRS] manufacturing frivolous assessment

figures which have conflicted over the years," and that he "has firsthand knowledge of

personal bank business, social security administration, and other asset records to

dispute the original egregious and unconscionable assessment." (Dkt. #70 ¶ 3)

(emphases omitted.) Although Mr. Maehr concedes that he "brought, eventually over

several years, multiple suits challenging the assessment," he claims that he was

"continually" denied due process. (*Id.* ¶¶ 8-9.)

Mr. Maehr asserts four claims for relief. First, he alleges that he has been denied

"pre-assessment third party summonsed documents" in the IRS's possession during

past proceedings, including the government's garnishment of Mr. Maehr's Social

Security payments. (*Id.* ¶¶ 14-18.) Accordingly, he requests that the Court order the

United States to "produce the simple, pre-assessment documents it claims it has and

claims it used to assess" him. (*Id.* ¶ 31.)

Mr. Maehr's second claim for relief appears to be a request for "compensatory

and punitive damages" against the United States. (*Id.* ¶ 27.) Similarly, his third claim for

relief requests an award of attorney fees and costs "and/or . . . whatever this honorable

court deems right, just and fair to compensate Plaintiff for the depravation [sic] of rights, finances, living, health and emotional state for well over ten years." (*Id.* ¶¶ 29-30.)

Finally, in the Addendum, Mr. Maehr alleges that the United States possesses an "'Individual Master File' . . . whereby Defendant's records and documentation of all assessments and all elements related to such assessments are to be part of Defendant's lawful records." (Dkt. #78 ¶ 1.) He asks the Court to order the United States to provide him with this file, which he claims "likely will show that the assessment is fraudulent[.]" (*Id.* ¶ 2.)

## II. ANALYSIS

### a. United States' Renewed Motion to Dismiss (Dkt. #82) Motion to Dismiss

The United States moves for dismissal of Mr. Maehr's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal pursuant to Rule12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing the factual basis on which subject matter jurisdiction rests, the district court does not presume the truthfulness of the complaint and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th

Cir. 1995) (citations omitted). Consideration of evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Id.*

By contrast, Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" *Id.* (citation omitted).

The United States argues that Mr. Maehr has already challenged the IRS's calculations of his income tax deficiencies for the tax years 2003–06, and this Court does not have jurisdiction to relitigate that issue. Mr. Maehr attempts to frame his lawsuit as one that "simply asks the Defendant to produce what was never produced in prior cases, and to address evidence Plaintiff produced in the same cases." (Dkt. #84 at 4.) The Court rejects Mr. Maehr's proposed framework and agrees with the United States that this lawsuit should be dismissed because Mr. Maehr's claims for relief are barred by 26 U.S.C. § 6512(a) (I.R.C. § 6512(a)).

Under the Internal Revenue Code, a taxpayer may challenge an income tax assessment in two ways:

> One way is to pay the tax, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in a district court. I.R.C. § 7422(a). The Court of Federal Claims lacks jurisdiction over a tax refund suit unless the assessment has been fully paid. *See Ledford v. United*

> *States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). In the alternative, the
> taxpayer can file a petition with the Tax Court without paying the
> assessment. *See Flora v. United States*, 362 U.S. 145, 163, 80 S. Ct. 630,
> 4 L. Ed. 2d 623 (1960).

*Smith v. United States*, 495 F. App'x 44, 48 (Fed. Cir. 2012). With certain enumerated

exceptions, if a taxpayer properly files a petition with the Tax Court, he cannot later file

a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for

the same taxable year. *Id.* (citing 26 U.S.C. § 6512(a)). In other words, under 26 U.S.C.

§ 6512(a), "filing a petition to the Tax Court to challenge an asserted deficiency bars the

taxpayer from bringing a suit in any other court for the recovery of any part of the tax for

that taxable year." *Hook v. United States*, 624 F. App'x 972, 978 (10th Cir. 2015).

Here, Mr. Maehr did not pay the taxes and then seek a refund. Instead, he filed a

petition with the United States Tax Court seeking redetermination of the IRS's notices of

income tax deficiencies for the tax years 2003, 2004, 2005, and 2006. His petition was

dismissed.[2] Mr. Maehr then appealed the Tax Court's decision to the Tenth Circuit,

which affirmed the dismissal of his petition, concluding that the petition "contains no

valid challenges to the notices of deficiency and fails to specifically identify errors

related to the determination of his income tax deficiencies. It, instead, raises conclusory

challenges to the constitutionality of the Internal Revenue Code and power of the

Commissioner to impose income taxes." *Maehr v. Comm'r*, 480 F. App'x 921, 923 (10th

Cir. 2012). The court also stated that the challenges raised by Mr. Maehr have been

roundly rejected. *Id.* (collecting cases). On September 6, 2012, Mr. Maehr filed a

petition for certiorari in the United States Supreme Court that was denied. *See Maehr v.*

---

[2] The United States attached as an exhibit to its Response a copy of the Tax Court's
August 19, 2011 Order of Dismissal and Decision. (Dkt. #82-1.)

*Comm'r*, 568 U.S. 1232 (2013). On April 11, 2013, Mr. Maehr filed a petition for rehearing that also was denied. *See Maehr v. Comm'r*, 569 U.S. 990 (2013).

Mr. Maehr argues that because "[n]one of the past courts had pre-assessment records as evidence despite Plaintiff's assessment challenges," his case was "never adjudicated." (Dkt. #70 ¶ 20.) But "an inability to advance certain arguments in the Tax Court does not defeat § 6512(a)'s bar." *Smith v. United States*, 101 Fed. Cl. 474, 479 (2011), *aff'd*, 495 F. App'x 44 (Fed. Cir. 2012). Nor is his claim that his due process rights were violated among the six exceptions to the statutory bar enumerated in § 6512(a). *See* 26 U.S.C. § 6512(a)(1)–(6). *See also Hook*, 624 F. App'x at 978 (rejecting the plaintiff's argument that the Tax Court proceedings were constitutionally flawed for the same reason). Moreover, in the Addendum, Mr. Maehr claims that the IRS records he seeks will "likely show that the assessment was fraudulent." (Dkt. #78 ¶ 2.) Under these circumstances, the Court cannot view the present lawsuit as anything but Mr. Maehr's latest attempt to contest the Tax Court's final determination of his tax liabilities. When he chose to challenge the federal income tax deficiencies in the Tax Court first, Mr. Maehr "put the entire matter into the hands of that court." *Stephanatos v. United States*, 306 F. App'x 560, 563 (Fed. Cir. 2009) (citing *Erickson v. United States*, 159 Ct. Cl. 202, 309 F.2d 760, 767 (1962)). This Court is precluded by § 6512(a) from exercising jurisdiction to redetermine those same liabilities.[3]

---

[3] To the extent that Mr. Maehr argues that the Court should exercise jurisdiction to compel the IRS to produce documents to him, Mr. Maehr has filed a Freedom of Information Act ("FOIA") request for his IRS records. (*See* Dkt. #84 at 30-32; #92.) The Court agrees with the United States that Mr. Maehr has not cited and authority or need to interfere with the FOIA process.

The Court further notes that Mr. Maehr's other attempts to thwart the IRS's investigation into and collection of his unpaid taxes have failed. For example, in *Maehr v. Comm'r*, 641 F. App'x 813 (10th Cir. 2016), a case where Mr. Maehr sought to quash IRS summons issued to third parties, the Tenth Circuit, after observing that he "did not pay his federal income taxes from 2003 to 2006 and still owes the IRS the amount of his unpaid liabilities for these years," stated:

> [Mr. Maehr] has continuously utilized the judicial system (he claims he "has now been in at least twelve courts") to try to avoid paying his underlying tax liabilities even though the courts have repeatedly concluded that his claims are without merit. *See, e.g., Maehr v. United States*, No. 8:08CV190, 2009 WL 2507457, at *3 (D. Neb. Aug. 13, 2009) (concluding that Petitioner's "arguments are without merit and the court will not waste time addressing these frivolous claims"); *Maehr v. United States*, No. 3:08–MC–00067–W, 2008 WL 2705605, at *2 (W.D.N.C. July 10, 2008) (concluding that Petitioner's arguments are "wholly without merit").

641 F. App'x at 816–17 (brackets omitted). *See also Maehr v. Koskinen*, 664 F. App'x 683, 684 (10th Cir. 2016) ("We agree with the district court that Appellant's challenges to his underlying tax liabilities are frivolous. Appellant has raised these same arguments before, and we have rejected them before."). And, in April 2018, the Court of Federal Claims dismissed on jurisdictional grounds yet another lawsuit filed by Mr. Maehr challenging the IRS's tax assessments. *See Maehr v. United States*, 137 Fed. Cl. 805, *reconsideration denied*, 139 Fed. Cl. 1 (2018), *aff'd*, 767 F. App'x 914 (Fed. Cir. 2019).

This Court must likewise reject Mr. Maehr's most recent collateral attack on the final decision issued by the Tax Court. The Court finds that it lacks subject matter jurisdiction over Mr. Maehr's claims, and therefore recommends that this lawsuit be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–17 (10th Cir.2006) (recognizing established rule that "where the district court dismisses for lack of jurisdiction . . . the dismissal must be without prejudice" because a court

without jurisdiction lacks power "to make any determination of the merits of the underlying claim"). Because the Court has determined that lacks subject matter jurisdiction pursuant to Rule 12(b)(1), it will not address the United States' res judicata and Rule 12(b)(6) arguments. *See Smith v. United States*, No. 13-cv-01156-RM-KLM, 2014 WL 6515677, at *5 (D. Colo. July 10, 2014) ("Although Defendant raises the issue of res judicata, . . . the Court must first address subject matter jurisdiction over the case."), *report and recommendation adopted as modified*, No. 13-cv-01156-RM-KLM, 2014 WL 6527980 (D. Colo. Nov. 20, 2014), *aff'd sub nom. Hook*, 624 F. App'x 972.

**b. Mr. Maehr's Opposed Motion for Preliminary Injunction (Dkt. #45)**

Mr. Maehr requests that the Court stop the United States from collecting owed but unpaid taxes. Specifically, he asks that the Court enter "the immediate stay of garnishment of all social security funds until all possible adjudication has been completed." (Dkt. #45 at 2.) This motion will be denied because the requested relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (I.R.C. § 7421)).

The Anti–Injunction Act provides that "a litigant may not bring a 'suit for the purpose of restraining the assessment or collection of any tax . . . in any court by any person, whether or not such person is the person against whom such tax was assessed.'" *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1114 (10th Cir. 2017) (quoting I.R.C. § 7421(a)). "The purpose of the Anti–Injunction Act is to allow the government to conduct its business expeditiously in the assessment and collection of taxes without judicial intervention and to require that a taxpayer challenging the assessment and collection of taxes against him must first file a claim for a refund with the IRS." *Brasfield v. I.R.S.*, No. 01-Z-2409 (CBS), 2002 WL 1760852, at *2 (D. Colo.

June 6, 2002) (citing *Wyo. Trucking Assoc., Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir.1996)). The Anti-Injunction Act is jurisdictional. *Green Solution*, 855 F.3d at 1114.

There are two narrow judicial exceptions to the Anti-Injunction Act's bar that are relevant here. The first applies where the taxpayer demonstrates that "1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." *Souther v. Milhbachler*, 701 F.2d 131, 132 (10th Cir.1983) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974); *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir.1990)). This exception does not apply because Mr. Maehr has not satisfied either of its required elements. First, he cites to no evidence that shows the United States could not, under any circumstances, establish its claim on Mr. Maehr's 2003–06 taxes. Indeed, myriad courts have found that Mr. Maehr owes federal income taxes for those years. *See, e.g.,* Maehr, 641 F. App'x at 814. Nor does Mr. Maehr demonstrate that he will suffer irreparable harm absent an injunction. He only alleges that the United States garnishing his Social Security benefits since February 2016, "despite an unproven, and as yet, unvetted assessment," constitutes "severe, ongoing harm to him financially." (Dkt. #45 at 2.) Not only is this allegation conclusory, mere monetary harm or financial hardship is not sufficient to establish irreparable injury. *Andrews v. United States*, No. 09-cv-02394-MSK-KLM, 2010 WL 2510399, at *6 (D. Colo. Mar. 8, 2010).

In his Response, Mr. Maehr states that the government is not permitted to garnish all his Social Security benefits, which is what it has been doing. Instead, he argues that 26 U.S.C. § 6331(h) only allows a levy of up to fifteen percent of certain

Social Security payments. He also contends that 42 U.S.C. § 407 "suggests" that no social security benefits can be levied.

The Court can dispense with Mr. Maehr's latter argument as it was already made to and rejected by the Tenth Circuit. *See Maehr v. Koskinen*, 664 F. App'x at 684 (Mr. Maehr's "argument that his Social Security retirement benefits cannot be levied under 42 U.S.C. § 407(a) ignores the fact that this provision is expressly superseded by 26 U.S.C. § 6334(c) in the tax-collection context."). As to the former, under 26 U.S.C. § 6331(a), the IRS can levy on **all** property or rights to property of a delinquent taxpayer unless § 6334 provides a specific exception. Most levies are limited, however, in that they may only attach to "property possessed and obligations existing at the time thereof." 26 U.S.C. § 6331(b). Section 6331(h) provide a means for the IRS to levy property and obligations to the taxpayer which are not yet in existence at the time of attachment. *See* 26 U.S.C. 6331(h) ("the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made . . ."). Unlike levies under Section 6331(a), "continuing" levies attach to new property rights as they arise but are limited to fifteen percent of any specified payment. Mr. Maehr claims that his Social Security benefits are subject to the limitations on continuous levy from specified payments. However, the pertinent case law "overwhelmingly" rejects Mr. Maehr's position. *See Holland v. United States,* No. 17-13926, 2019 WL 1077123, at *6 (E.D. Mich. Mar. 7, 2019) (collecting cases). *But see Anderson v. I.R.S. (In re Anderson),* 250 B.R. 707, 709-11 (Bankr. D. Mont. 2000). The Court finds that Mr. Maehr's Social Security payments likely represent a present, vested right to receive benefits in fixed monthly payments and that the amount of these benefits are calculable.

*See Bowers v. United States*, 861 F. Supp. 2d 921, 923 (C.D. Ill.), *aff'd*, 498 F. App'x 623 (7th Cir. 2012). Thus, Mr. Maehr has not demonstrated that "under no circumstances" could the IRS seize the entire stream of payments through a one-time levy pursuant to §§ 6331(a)–(b).

The second Anti-Injunction Act exception applies where Congress has not provided the taxpayer with an alternative remedy to challenge the validity of the tax at issue. *See Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004). Here, Mr. Maehr had an alternate remedy and he used it. He filed a petition in Tax Court, and when the petition was dismissed, he sought review in the Tenth Circuit. Moreover, under 26 U.S.C. § 6330, Mr. Maehr had an opportunity to request a pre-levy hearing, at which he could have challenged the appropriateness of the collection actions and offered collection alternatives. His motion is silent as to whether he exercised that right. Therefore, neither exception to Anti-Injunction Act apply and Mr. Maehr is not entitled to injunctive relief.

## IV. RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff Jeffrey T. Maehr's Opposed Motion for Preliminary Injunction (Dkt. #45) be **DENIED**, that Defendant United States' Renewed Motion to Dismiss (Dkt. #82) be **GRANTED**, and that Plaintiff's Third Amended Complaint (as construed as Dkt. #70 & #78) be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

BY THE COURT

Date:  August 1, 2019
      Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge