IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02273-PAB-NRN

JEFFREY T. MAEHR,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

## ORDER

This matter is before the Court on the magistrate judge's Report and Recommendation on Plaintiff's Motion for Summons of Grand Jury [Docket No. 26] entered on January 4, 2019, recommending the denial of plaintiff's Motion for Summons of Grand Jury [Docket No. 24]. Docket No. 26 at 2. Plaintiff filed a Motion for Reconsideration of Motion for Summons of a Grand Jury Based on Standing Federal Law on Grand Jury Contact [Docket No. 29] on January 11, 2019, which the Court construes as objections to the magistrate judge's recommendation. The United States filed a response to plaintiff's objections on February 22, 2019. Docket No. 43. Plaintiff then filed a reply. Docket No. 50.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

In his recommendation, the magistrate judge found that the public interest does not require convening a grand jury under Fed. R. Crim. P. 6(a)(1)[1] to investigate the IRS for collecting income taxes and referring for prosecution those who fail to pay income tax because those are not criminal acts. Docket No. 26 at 1-2. Plaintiff argues that the magistrate judge failed to address the "multiple standing statutes and court precedent" that plaintiff cited in his motion. Docket No. 29 at 2.

Plaintiff seeks the impaneling of a grand jury to investigate the IRS for illegal taxation. Docket No. 24 at 3. The government argues, and plaintiff agrees, that the requested relief is "far beyond" the scope of his civil case. Docket No. 43 at 1; Docket No. 50 at 2; *see Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("[C]riminal statutes cannot be enforced by civil actions.") (citing *Bass Angler Sportsman Soc'y v. United States Steel Corp.*, 324 F. Supp 412, 415 (S.D. Ala. 1971), *aff'd*, 447 F.2d 1304 (5th Cir. 1971)). Nevertheless, plaintiff contends that "there must be some mechanism whereby the 'private citizen'[] can present criminal evidence to the Grand Jury without being interfered with by defendant or the courts." Docket No. 50 at 5-6. He argues that private citizens have a right to do so under the First Amendment, which provides that "Congress shall make no law . . . abridging . . .the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff cites to no

---

[1]"When the public interest so requires, the court must order that one or more grand juries be summoned." Fed. R Crim. P. 6(a)(1).

authority demonstrating that this provision confers upon individuals the right to initiate criminal proceedings. "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)); *Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("[A] private citizen[] has no standing to initiate federal criminal prosecutions."). Nor does this provision confer the right of a citizen to present evidence before a grand jury. "[A]n individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury." *Application of Wood*, 833 F.2d 113, 116 (8th Cir. 1987).[2] Plaintiff cannot initiate a criminal investigation by filing a motion to impanel a grand jury.

Further, plaintiff cites no authority that permits the Court, in this civil case, to impanel a grand jury to investigate alleged criminal acts that plaintiff claims the IRS has committed. The authorities plaintiff cites discuss the grand jury's investigative powers generally or discuss federal courts' authority to supervise grand juries. Docket No. 29 at 2; *see, e.g.*, 18 U.S.C. § 3332(a) ("It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district."); *Branzburg v. Hayes*, 408 U.S. 665, 700 (1972) (discussing grand jury's "broad" investigative power). These authorities do not provide a basis to grant plaintiff's motion.

---

[2]"A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require." *Wood*, 833 F.2d at 116. The Court does not find that the circumstances here so require.

Nor does the Court have a statutory duty to inform a grand jury of purported criminal offenses under 18 U.S.C. § 3332(a), as plaintiff suggests. Docket No. 29 at 4-5. This statute requires a United States Attorney, upon receiving information concerning an alleged criminal offense from any person, to inform the grand jury of the alleged offense if so requested by that person. 18 U.S.C. § 3332(a) ("[A]lleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation."). It imposes no duty on the Court to inform a grand jury of purported criminal activity or authority to initiate a grand jury investigation. "The commencement of a federal criminal case by submission of evidence to a grand jury is 'an executive function within the exclusive prerogative of the Attorney General.'" *Baranoski v. U.S. Attorney's Office*, 215 F. App'x 155, 156 (3d Cir. 2007) (quoting *In re Persico,* 522 F.2d 41, 54-55 (2d Cir. 1975) (unpublished)); *Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("[T]he United States and its attorneys have the sole power to prosecute criminal cases in the federal courts."). "While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, . . . the investigation of crime is primarily an executive function. Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises." *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978); *see also Phillips v. City of Oakland*, 2008 WL 1901005, at *2 (N.D. Cal. Apr. 28, 2008), *aff'd*

*sub nom. Phillips v. City of Oakland*, CA, 311 F. App'x 14 (9th Cir. 2009) (unpublished) ("[T]o enable individuals to present to a grand jury any complaint of purported criminal activity would interfere with the executive branch's prerogative to direct the enforcement of the laws, and thus would not be an appropriate exercise of judicial authority.").

Plaintiff has failed to establish that he has standing to initiate criminal proceedings or that the Court has authority to do so. Therefore, it is

**ORDERED** that the Report and Recommendation on Plaintiff's Motion for Summons of Grand Jury [Docket No. 26] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Motion for Summons of Grand Jury [Docket No. 24] is **DENIED**.

DATED August 21, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge