IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02273-PAB-NRN

JEFFREY T. MAEHR,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

# ORDER

---

This matter is before the Court on the magistrate judge's Report and Recommendation on Plaintiff's Opposed Motion for Preliminary Injunction (Dkt. #45) and Defendant's Renewed Motion to Dismiss (Dkt. #82) [Docket No. 94] entered on August 1, 2019. Magistrate Judge N. Reid Neureiter recommends that plaintiff's motion for a preliminary injunction [Docket No. 45] be denied and defendant's motion to dismiss [Docket No. 82] be granted. Docket No. 94 at 1. Plaintiff filed Objections to Recommendations [Docket No. 96] on August 12, 2019. Defendant responded on August 26, 2019. Docket No. 99.

## I. BACKGROUND

The background facts and procedural history in this case are set out in the magistrate judge's recommendation and will not be repeated unless necessary for purposes of this order. For the last several years, plaintiff has attempted many times to challenge the IRS's implementation of tax assessments against him for the 2003-06 tax

years. *See Maehr v. United States*, 137 Fed. Cl. 805, 807 (2018) (setting out some of plaintiff's prior court proceedings). Plaintiff has now filed another lawsuit challenging defendant's ability to garnish his social security payments to pay for his tax delinquencies. *See* Docket No. 70 at 5-6, ¶¶ 17-20. He appears to seek compensatory and punitive damages, fees, and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and fair compensation for the deprivation of his rights. Docket No. 70 at 8, ¶ 27; at 9, ¶¶ 29-30. Plaintiff also seeks a preliminary injunction ordering "the immediate stay of garnishment of all social security funds." Docket No. 45 at 2. Defendant filed a motion to dismiss plaintiff's claims. Docket No. 82.

Magistrate Judge Neureiter recommends that defendant's motion to dismiss be granted, the preliminary injunction motion be denied, and the case be dismissed without prejudice. Docket No. 94 at 13. Plaintiff objects to the magistrate judge's recommendations. Docket No. 96.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear

2

error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Because plaintiff is proceeding pro se, the Court will construe his objection and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Defendant's Motion to Dismiss

The magistrate judge recommends that the Court dismiss plaintiff's claims without prejudice for lack of subject matter jurisdiction.  Docket No. 94 at 9.  The magistrate judge found that plaintiff's lawsuit is an improper collateral attack on a final judgment issued by the Tax Court, and that plaintiff cannot now relitigate in district court the issues already adjudicated.  *Id.* at 8-9.  Specifically, the magistrate judge found that plaintiff's suit is precluded by 26 U.S.C. § 6512(a), which "bars a suit for refund involving a tax year for which a Tax Court petition contesting a deficiency determination has been filed."  *Smith v. United States*, 495 F. App'x 44, 48 (10th Cir. 2012) (unpublished); *see also* Docket No. 94 at 7.  On May 9, 2011, plaintiff filed a petition in Tax Court challenging his tax assessments for the years 2003-06.  Docket No. 82-1 at 2-3.  The Tax Court made findings as to plaintiff's tax deficiencies for those years and dismissed his petition for failure to state a claim.  *Id.* at 3.  The Tax Court's decision was affirmed by the Tenth Circuit.  *Maehr v. C.I.R.*, 480 F. App'x 921 (10th Cir. 2012) (unpublished).

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

3

Plaintiff raises several objections to the magistrate judge's recommendation. *See* Docket No. 96. He argues that (1) there is no indication that any of the evidence he submitted in his past cases challenging the tax assessments was "actually adjudicated" and there was no evidence presented that he actually owed a debt, *id.* at 1-2, 3; (2) the court judgments referenced by the magistrate judge are void due to fraud on the courts, *id.* at 2-3; and (3) defendant has not presented evidence that, in his prior cases, plaintiff received due process of law or that the "courts even had Plaintiff's evidence in their court at all," *id.* at 3.

These objections are without merit. To the extent that plaintiff attempts to challenge the sufficiency of the evidence in judgments rendered in other court cases, this is an improper ground on which to base his objection to the magistrate judge's recommendation. Such an argument should have been made to the Tax Court or on appeal of that court's decision. *See Michelson v. United States*, 1993 WL 313229, at *2 (D.N.M. May 3, 1993) (finding that the plaintiff's "claims that . . . the Tax Court proceedings violated his Constitutional rights . . . should have [been] raised . . . in the Tax Court itself or with the Court of Appeals"); *Springer v. Shern*, 2011 WL 2971172, at *3 (N.D. Okla. July 20, 2011) ("In the tax context, a final decision of the Tax Court is *res judicata* as to the tax liability determined by that court, and is not subject to collateral attack in a later proceeding."); *see also Maehr v. C.I.R.*, 480 F. App'x at 923 (stating that plaintiff's "petition raises no genuine challenge to the notices of deficiency because [his] arguments have been repeatedly rejected by this court").

Insofar as plaintiff argues that these court judgments are void due to a "violation

4

of due process of law, general fraud, and fraud on the court itself," Docket No. 96 at 4, this argument is conclusory, insufficiently specific, and points to no clear error on the face of the record. There is no basis to find that the court judgments are void. *See Jenkins v. Duffy Crane and Hauling, Inc.*, No. 13-cv-00327-CMA-KLM, 2013 WL 6728892, at *3 (D. Colo. Dec. 20, 2013) (quoting *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1066 (3d Cir. 1991) ("A judgment is 'valid' when it has been rendered by a court of competent subject matter jurisdiction and the party against whom judgment is rendered either has submitted to the jurisdiction of the court or has been afforded adequate notice.")). Plaintiff has not alleged that the prior courts lacked subject matter jurisdiction or alleged that he was not afforded adequate notice in those cases. Any challenge to the validity of the numerous court judgments confirming plaintiff's tax liabilities is unavailing.

Finally, plaintiff's focus on whether defendant proved he received due process in his other court proceedings or whether those courts considered plaintiff's evidence is misplaced. Even if plaintiff could raise arguments here as to alleged due process violations in other cases, it is plaintiff's burden to identify and prove the existence of the rights that he alleges the defendant violated – not defendant's. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 527 (10th Cir. 1998).

The district court is not an appellate court and it is improper for plaintiff to collaterally attack those judgments by initiating yet another court proceeding. To the extent that plaintiff raises claims of error in unrelated court proceedings, his objections are overruled.

Plaintiff also objects to the recommendation on the basis that the magistrate

judge failed to address some of the arguments he had raised. He asserts that (1) the magistrate judge failed to address his argument regarding whether the taxes at issued were properly assessed against "income," Docket No. 96 at 13; (2) the magistrate judge did not address his argument that the IRS had violated its mission statement, *id.*; and (3) the magistrate judge did not address two exhibits he submitted and whether they demonstrated that a fraudulent assessment had occurred. *Id.* at 14. These are not proper bases for an objection. The magistrate judge ruled that the Court does not have jurisdiction over plaintiff's lawsuit because plaintiff elected to challenge the assessments in Tax Court, which bars him from challenging those same assessments here. Docket No. 94 at 9. Because the magistrate judge found no subject matter jurisdiction, it was proper for him to decline to reach the merits of plaintiff's arguments. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (generally, a federal court must "satisfy itself of its subject-matter jurisdiction before it considers the merits of a case.")).[2]

Finally, plaintiff objects to the magistrate judge's denial of his Motion for Delay of Ruling Until FOIA Response is Received [Docket No. 92], which was denied, not in the magistrate judge's Report and Recommendation, but in a separate minute order.

---

[2]Moreover, as to plaintiff's argument regarding the magistrate judge's failure to consider certain exhibits that "show prima facie evidence of a fraudulent assessment," Docket No. 96 at 14 (referencing Docket No. 70 at 16-17), plaintiff provides no explanation as to how these documents evidence a "fraudulent assessment" or why consideration of the documents would impact the jurisdictional ruling on defendant's motion to dismiss. Plaintiff's submission of purportedly new evidence will not permit him to circumvent the procedural bar put in place by 26 U.S.C. § 6512(a).

6

Docket No. 95. In this motion, plaintiff sought a "delay of ruling" until he received an answer on his FOIA request for "'pre-assessment' documents." Docket No. 92 at 1. The magistrate judge denied plaintiff's motion on the basis that the information plaintiff sought to obtain in his FOIA request was irrelevant to the disposition of the motion to dismiss, as his claims were barred by 26 U.S.C. § 6512(a) regardless of the information plaintiff might receive as a result of his FOIA request. Docket No. 95.

Although contained in plaintiff's objections to the magistrate judge's recommendation, this objection challenges a non-dispositive order. When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 365, 395 (1948)).

Plaintiff objects to the magistrate judge's ruling on the basis that the FOIA documents he seeks are, in fact, relevant to this matter. Docket No. 96 at 14. Plaintiff, however, makes no argument why these documents, if received, would permit him to circumvent the provision under 26 U.S.C. § 6512(a) that "filing a petition to the Tax Court to challenge an asserted deficiency bars the taxpayer from bringing a suit in any other court for the recovery of any part of the tax for that taxable year." *Hook v. United*

7

*States*, 624 F. App'x 972, 978 (10th Cir. 2015) (unpublished). Regardless of the information plaintiff may receive from his FOIA request, plaintiff is procedurally barred from, once again, challenging the IRS's tax assessments in district court. The magistrate judge's ruling on the motion to delay was not clearly erroneous or contrary to law.

### B. Plaintiff's Motion for a Preliminary Injunction

On February 25, 2019, plaintiff filed a motion for a preliminary injunction seeking an order "stay[ing] any and all present and future defendant actions against him, including the immediate stay of garnishment of all social security funds until all possible adjudication has been completed." Docket No. 45 at 2. The magistrate judge recommends that the Court deny plaintiff's motion on the basis that it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. Docket No. 94 at 10. The Anti-Injunction Act provides that, absent certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Finding that neither exception applied in this case, the magistrate judge determined that plaintiff was not entitled to injunctive relief. Docket No. 94 at 13.

Plaintiff raises several objections to the magistrate judge's order. *See* Docket No. 96 at 4-14. The Court declines to address these objections, however, because due to the Court's ruling on defendant's motion to dismiss, the motion for a preliminary injunction is now moot. "[A] preliminary injunction is intended to preserve the status quo until the Court has an opportunity to reach the merits." *Rainey v. Thorstad*, No. 12-cv-

00945-CMA-MEH, 2012 WL 4481457, at *1 (D. Colo. Sept. 12, 2012). The Court has determined that it cannot reach the merits of plaintiff's claims for lack of subject matter jurisdiction. *Ruhrgas*, 526 U.S. at 575. Because the underlying claims will be dismissed, the motion for a preliminary injunction must be denied as moot. *Cf. Debardeleben v. Pugh*, 56 F. App'x 464, 465 (10th Cir. 2003) (unpublished) (appeal from denial of motion for preliminary injunction became moot when district court dismissed the underlying complaint); *see also Colorado Press Ass'n, Inc. v. Brohl*, No. 14-cv-00370-MSK-MJW, 2015 WL 13612122, at *7 (D. Colo. Mar. 13, 2015) (denying motion for preliminary injunction as moot in light of dismissal for lack of subject matter jurisdiction); *Edmond v. Raemisch*, No. 11-cv-00248-RBJ-KLM, 2013 WL 5443938, at *6 (D. Colo. Sept. 30, 2013) (denying motion for preliminary injunction as moot and declining to review the magistrate judge's recommendation on motion for summary judgment or plaintiff's objection to that recommendation because "they too ha[d] been mooted by dismissal of the remaining claims").

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that plaintiff's Objections to Recommendations [Docket No. 96] are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation on Plaintiff's Opposed Motion for Preliminary Injunction (Dkt. #45) and Defendant's Renewed Motion to Dismiss (Dkt. #82) [Docket No. 94] is **ACCEPTED IN PART**. It is further

**ORDERED** that Defendant's Renewed Motion to Dismiss [Docket No. 82] is

**GRANTED**. It is further

ORDERED that Plaintiff's Opposed Motion for Preliminary Injunction [Docket No. 45] is **DENIED AS MOOT**. It is further

ORDERED that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. It is further

ORDERED that, within 14 days of the entry of this order, defendant may have its costs by filing a Bill of Costs with the Clerk of the Court. It is further

ORDERED that this case is closed.

DATED September 3, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge